USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                :

        -v.-                           :

MICHAEL CARRONE,                          :

               Defendant.    :

- - - - - - - - - - - - - - - - - - - - - x

ORDER

20 Cr. 561 (VM)

    WHEREAS the parties have jointly submitted an application, through a letter dated November 10, 2020 from Assistant United States Attorney David Raymond Lewis ("the Request"), requesting that a change-of-plea proceeding in this case be allowed to go forward remotely, either by videoconference or telephone; and

    WHEREAS, for the reasons set forth in the Request, the Court finds that significant further delay of Defendant's change-of-plea hearing could cause "serious harm to the interests of justice," and

    WHEREAS, the Court accordingly finds that the Court is warranted in conducting a change-of-plea hearing via videoconference or telephone under Section 15002(b)(2)(A) of the CARES Act, Pub. L. No. 116-136 (2020); and

    WHEREAS, the Defendant consents to having the change-of-plea hearing conducted remotely; and

    WHEREAS, the CARES Act's provision for conducting change-of-plea and sentencing hearings remotely when necessary reflects

Congress's understanding that criminal proceedings must not be delayed indefinitely.  *See United States v. Cohen*, No. 19 Cr. 741, 2020 WL 2539115, at *3 (S.D.N.Y. May 19, 2020) ("[T]he CARES Act recognizes the importance of judicial proceedings moving forward in a time of great uncertainty.").  Defendant and the public both have a strong interest in cases being brought to a speedy resolution, reflected in the Speedy Trial Act and the Sixth Amendment.  *See United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) ("There is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." (internal quotation marks and citation omitted)).  And, on September 9, 2020, Chief Judge Colleen McMahon ended the district-wide suspension of the Speedy Trial Act, finding that "although the emergency brought on by the spread of the coronavirus . . . has not yet ended," courts in this district can begin the process of resuming criminal trials. *In re: Coronvirus/COVID-19 Pandemic*, 20 Misc. 196, ECF No. 4 (S.D.N.Y. Sept. 9, 2020). And

    WHEREAS, The Court concludes that the uncertainty and deferral of punishment that would result from continual delay of the change-of-plea hearing in this matter constitute serious harms to the interests of justice.  *See Cohen*, 2020 WL 2539115, at *2.  Accordingly,

    THE COURT HOLDS that the standard set out in Section

15002(b)(2)(A) of the CARES Act is met, and the Court may lawfully conduct a change of plea hearing by videoconference or telephone, if Defendant consents to doing so. It is therefore

ORDERED that the change-of-plea proceeding in this case shall be referred to the Magistrate Judge, to be scheduled to be taken remotely, by videoconference or telephone.

Dated:   New York, New York
         November 12, 2020

SO ORDERED:

_____
Victor Marrero
U.S.D.J.